IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PAUL LANAKILA CAMPOS,<br><br>         Plaintiff,<br><br>    vs.<br><br>COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; GREGG KARONIS; JANE DOES 1-10; JOHN DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE NON-PROFIT ENTITIES 1-10; and JOHN DOE GOVERNMENT ENTITIES 1-10,<br><br>         Defendants.<br>_____ | CIV. NO. 07-00487 HG-LEK<br><br><br><br><br><br>ORDER DENYING MOTION TO STAY |

**ORDER DENYING MOTION TO STAY**

On September 24, 2007, Defendants removed this prisoner civil rights action from the state court pursuant to 28 U.S.C. § 1441(b), alleging that original jurisdiction is vested in this court under 28 U.S.C. § 1331.  Plaintiff Paul Lanakila Campos's moves to temporarily stay the action pending his appeal of the removal in the state courts.  The Motion to Stay is DENIED.

**I. Background**

On May 15, 2007, Campos filed a complaint against Defendants in the Circuit Court of the Second Circuit, State of Hawai`i.  (*See* Doc. No. 1, Def.'s Ex. A, *Campos v. County of Maui, et al.*, Civil No. 07-1-0177(1).)  The next day, May 16, 2007, Campos filed an identical complaint in this court, *Campos*

*v. County of Maui, et al.*, Civil No. 07-00253 HG.  In addition to various state law claims, both complaints allege that Defendants violated Campos's civil rights when, acting "under color of law," they deprived him of "rights of life, liberty, freedom from unreasonable searches and seizures and other civil liberties protected by the U.S. Constitution all in violation of 42 U.S.C. [§] 1983."  (*Compare* Doc. No. 1, 7 ¶ 25 & Civ. No. 07-00253 Doc. No. 1, Comp. 7 ¶ 25.)

Campos's suit stems from an incident that occurred on May 17, 2005, when he was shot in the face by Maui County Police Officer Greg Karonis, allegedly for resisting arrest and failing to abide by Karonis's order to stop his car.  Campos alleges that Karonis used excessive deadly force during the arrest, and that Defendants County of Maui have a custom, practice, and policy of using such excessive force.  Campos also alleges state law claims of negligence, assault, battery, and intentional and negligent infliction of emotional distress.  Campos seeks compensatory and punitive damages, attorney fees, and costs.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant in a civil action may remove a case from state court to a federal district court if the district court has subject matter jurisdiction over the case.  The district court has subject matter jurisdiction over a case if there is diversity of citizenship between the

parties and the amount in question exceeds $75,000, or if the action is founded on a claim arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity jurisdiction); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988).

Under 28 U.S.C. § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties."  28 U.S.C. § 1441(b); *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)).  Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

An action is removable from state court even when a separate or independent claim within the jurisdiction conferred by § 1331 is joined with one or more otherwise non-removable claims, and the district court has jurisdiction to determine all issues therein.  28 U.S.C. § 1441©.  Removal does not require court action, but rather is effective upon the defendant's filing a notice of removal.  *See* 28 U.S.C. § 1446(d).

### III.  DISCUSSION

Campos seeks a stay of this action because he has

filed an appeal in the state court of Defendants' notice of removal.  Campos does not realize that, once an action has been removed from the state court, the state court is divested of jurisdiction over that action unless and until the federal court remands the action to the state court.  *See* 28 U.S.C. § 1446(d)[1]; *Mathewson v. Aloha Airlines, Inc.*, 919 P.2d 969, 985 (Haw. 1996).  Consequently, "[a]fter removal, a federal court acquires full and exclusive jurisdiction over the litigation."  14A C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3738, at 556 (1985) (footnote omitted).  Moreover, the federal court is not divested of jurisdiction until the proper procedures for remanding the case have been followed.  *See, e.g.*, *Cook v. J.C. Penney Co.*, 558 F. Supp. 78, 79-80 (N.D.Iowa 1983).

The propriety of removal depends on whether the case originally could have been filed in federal court.  *See Patsy v. Board of Regents of Florida*, 457 U.S. 496, 506-07 (1982).  Cases brought under 42 U.S.C. § 1983, as this one is, may properly be

---

[1] Section 1446(d) provides in relevant part:

> Promptly after the filing of [a] petition for the removal of a civil action ... the defendant ... shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal *and the State court shall proceed no further unless and until the case is remanded*.

(emphasis added).

brought in either state or federal court.  *See id.*

Campos does not dispute that this action could have been originally brought to this court.  Nor could he, in light of the fact that he filed an identical complaint in this court the day after he filed this complaint in the state court.  Thus, the court has subject matter jurisdiction over this matter, removal was jurisdictionally proper, and the state court has been divested of jurisdiction to consider Campos's appeal.  As such, there is no basis for staying this action until the state court dismisses Campos's appeal.  Campos's motion to stay this action is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, November 14, 2007.



　　/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

Campos v. County of Maui, et al., Civ. No. 07-487 HG-LEK; ORDER DENYING MOTION TO STAY; dmp\Non-disp Orders 07\Campos 07-487 LEK (dny stay)